**AMND COMP**
SHARON L. NELSON
Nevada Bar No. 6433
REBEKAH BAUNGARDNER
Nevada Bar No. 10855
NELSON LAW
401 N. Buffalo, Suite 100
Las Vegas, Nevada 89145
Telephone:    (702) 247-4529
Facsimile:     (702) 737-4529
Attorneys for Plaintiff
Stephen Etzwiler

UNITED STATES DISTRICT COURT

STATE OF NEVADA

| | |
|---|---|
| STEPHEN ETZWILER,<br><br>       Plaintiff,<br><br>vs.<br><br>CLARK COUNTY WATER RECLAMATION DISTRICT,<br><br>       Defendant. | Case No.: 2:10-cv-00273-PMP-PAL<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff Stephen Etzwiler (hereinafter referred to as "Plaintiff"), by and through his counsel of record, Nelson Law, hereby alleges and states against Clark County Water Reclamation District (hereinafter referred to as "Defendant") as follows:

### GENERAL ALLEGATIONS

1.  At all times relevant herein, Plaintiff was an individual residing in the State of Nevada.

2.  At all times relevant herein, Defendant was an entity licensed to conduct business in the Clark County, Nevada.

3. All the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendant, acting by and through their agents and employees. Said acts and/or failures to act were within the scope of said agency and/or employment, and the Defendants ratified said acts and/or omissions.

4. At all times relevant herein, Defendant employed over fifteen (15) employees.

5. At all times relevant herein, Plaintiff was employed as a Pretreatment Coordinator and had been so employed since on or about October 26, 1996.

6. During the course of his employment with Defendant, since on or about December 8, 2008, Plaintiff has witnessed disparate treatment against African American employees within his department.

7. Specifically, two (2) of Plaintiff's subordinate employees, both African American, were denied training which Plaintiff had approved.

8. Plaintiff has also witnessed Defendant's upper management, over scrutinize said two (2) employees work performance and subjected them to other forms of harassing treatment and racially discriminating remarks.

9. On or about September 10, 2009, Plaintiff advised both of the employees to report to the Office of Diversity.

10. On or about September 14, 2009, Plaintiff advised Defendant that he would be reporting the issues to the Office of Diversity.

11. The next day, Plaintiff's entire unit was moved to an inferior office space without explanation. The new office space was rife with safety issues including exposed wiring.

12. Plaintiff complained repeatedly about the safety issues he and his staff were subjected to in their new office space.

13. A safety officer examined the office space and reported to Defendant that significant safety issues needed to be addressed. Said safety officer was terminated before any issues were addressed.

14. Mere days after Plaintiff complained that two (2) African American employees were being subjected to racial discrimination, Defendant began making false allegations against Plaintiff and his subordinate employees; and excluding him from various tasks and duties associated with Plaintiff's department.

15. Specifically, Defendant issued Plaintiff numerous baseless written warnings, reprimands and admonishments.

16. Additionally, Plaintiff has been targeted in such a way and subjected to unjustified discipline that it has created a hostile work environment.

17. Due to Plaintiff's distress over his unjustified discipline, among other things, Plaintiff has been diagnosed with acute anxiety disorder.

18. The conduct to which Plaintiff has been subjected was in retaliation for complaints about disparate treatment against African American co-workers, in violation Title VII and NRS 613.330 (hereinafter referred to as "Title VII").

19. This Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as they are so related that they form part of the same case and controversy.

20. Plaintiff has satisfied all administrative prerequisites and has received a "Notice of Right to Sue" from the Equal Employment Opportunity Commission.

//

//

## FIRST CAUSE OF ACTION
**(Retaliation in violation of Title VII and NRS 613.330)**

21.     Plaintiff repeats and realleges paragraphs 1-20 by this reference the same as though fully set forth herein.

22.     Plaintiff complained to his employer that African American employees were being mistreated.

23.     Shortly after Plaintiff's complaints he began to be retaliated against.

24.     The adverse conduct in which Defendant and its employees engaged towards Plaintiff was a direct result of his complaints.

25.     The treatment to which Plaintiff was subjected was retaliatory in violation of Title VII and NRS 613.330.

26.     Plaintiff has suffered and will continue to suffer irreparable injury caused by the conduct of Defendant and its employees.

27.     As a direct and proximate result of the conduct of Defendant and its employees, Plaintiff has been damaged in a sum in excess of $10,000.00.

28.     Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages under Title VII.

29.     As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to his attorneys' fees and costs of suit as provided by Title VII, 42 U.S.C. §2000e – 5(k).

## SECOND CAUSE OF ACTION
**(Negligent Supervision)**

30.     Plaintiff repeats and realleges paragraphs 1-29 by this reference the same as though fully set forth herein.

31. Defendant owed a duty to Plaintiff to properly supervise its employees and to exercise due care to prevent harm to Plaintiff from its employees.

32. Although Defendant received complaints from Plaintiff that African American employees were being treated negatively, Defendant did nothing to investigate, remedy, or supervise perpetrators.

33. Defendant breached its duty of supervision to Plaintiff by, *inter alia*, failing to respond to his complaints or supervise employees about which Plaintiff was complaining.

34. Defendant's employees have discriminated against Plaintiff and retaliated against him in violation of Title VII and have subjected him to emotional distress.

35. The complained of conduct was caused by Defendant's negligent supervision of its employees.

36. As a direct, foreseeable and proximate result of the conduct of Defendant and its employees, Plaintiff has been damaged in a sum in excess of $10,000.00.

### THIRD CAUSE OF ACTION
### (Negligent Training)

37. Plaintiff repeats and realleges paragraphs 1-36 by this reference the same as though fully set forth herein.

38. Defendant has a duty to train individuals within its employ to comply with the law.

39. Defendant's duty to properly train and properly hire extends to all persons, including Plaintiff, in its employ.

40. Defendant failed to properly train its agents, servants or employees herein as is evidenced by Defendant's failure to respond to Plaintiff's complaints, failure to supervise the individuals involved and failure to insure Plaintiff would suffer no adverse harm.

41. As a direct and proximate result of the breach of said duties, Defendant and its employees unlawfully and willfully subjected Plaintiff to harm, threat of harm, fear, anxiety, harassment and retaliation.

42. As a direct and proximate result of the conduct of Defendant and its employees, Plaintiff has been damaged in a sum in excess of $10,000.00.

## FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

43. Plaintiff repeats and realleges paragraphs 1-42 by this reference the same as though fully set forth herein.

44. Defendant's behavior of transferring Plaintiff, allowing its employees to harass Plaintiff and accuse Plaintiff of baseless wrongdoing has been extreme, outrageous and was at a minimum, negligent.

45. Plaintiff has suffered serious emotional distress that has manifested in various physical symptoms requiring medication.

46. Pursuant to NRS 616C.180(3)(c), harm caused by layoff, termination or discipline of an employee is not compensable through worker's compensation statutes.

47. As a direct and proximate result of the negligent infliction of emotional distressful acts of Defendant, Plaintiff has experienced serious emotional distress resulting in damages in excess of $10,000.00.

48. Plaintiff has been forced to hire legal counsel in this matter and thus should recoup his attorney's fees and costs.

**WHEREFORE**, Plaintiff requests the following relief:

1. Actual and general damages in excess of $10,000.00;

2. Punitive and exemplary damages where appropriate in excess of $10,000.00;

3. Statutory damages as allowed by law in excess of $10,000.00;

4. Equitable relief;

5. Declaratory relief;

6. Attorney's fees, costs and expenses;

7. For such other relief as the Court deems just and equitable.

Dated this 23rd day of June 2010.

NELSON LAW

*/s/ RB*

SHARON L. NELSON
Nevada Bar No. 6433
REBEKAH BAUMGARDNER
Nevada Bar No. 10855
401 N. Buffalo, Suite 100
Las Vegas, Nevada 89145
Attorneys for Plaintiff
Stephen Etzwiler

Plaintiff hereby demands trial by jury.

NELSON LAW

*/s/ RB*

SHARON L. NELSON
Nevada Bar No. 6433
REBEKAH BAUMGARDNER
Nevada Bar No. 10855
401 N. Buffalo, Suite 100
Las Vegas, Nevada 89145
Attorneys for Plaintiff
Stephen Etzwiler